**GLICK FURNITURE COMPANY, Appellant, v. BOWERS, Tax Commr., Appellee.**

Board of Tax Appeals, Department of Taxation, State of Ohio.

No. 35167 A-G.   Decided January 20, 1958.

Sidney G. Kusworm, Dayton, for appellant.
William Saxbe, Atty. Genl., by John M. Tobin, Asst. Atty. Genl., for appellee.

## OPINION

This cause and matter came on to be considered by the board of tax appeals upon the appeal of the appellant from an order of the tax commissioner denying an application for refund of sales tax refunded by appellant to various consumer customers of said appellant on merchandise returned to it, which sales tax had been previously paid by the consumers to said appellant.

In reality this appeal consists of 7 claims by the appellant numbered and in the amounts as follows:

| Board No. | Store | Amount | Date of Refund To Consumer |
|---|---|---|---|
| 35167-A | 3551 Cleveland Avenue Columbus, Ohio | $ 136.32 | June 1, 1955 to June 30, 1955 |
| 35167-B | 45 East Long Street | 50.10 | June 1, 1955 to June 30, 1955 |
| 35167-C | 65 East Long Street Columbus, Ohio | 569.98 | June 1, 1955 to June 30, 1955 |
| 35167-D | 45 East Long Street Columbus, Ohio | 161.78 | November 1, 1955 to December 31, 1955 |
| 35167-E | 65 East Long Street Columbus, Ohio | 1,313.21 | November 1, 1955 to December 30, 1955 |
| 35167-F | 3551 Cleveland Avenue Columbus, Ohio | 392.68 | November 1, 1955 to December 30, 1955 |
| 35167-G | 50 Wilson Road Columbus, Ohio | 70.79 | December 1, 1955 to December 31, 1955 |

The tax commissioner denied the claims for refund on the stated ground that they had not been filed within the 90-day period as prescribed in §5739.09 R. C.

The cause was submitted upon the transcript of the tax commissioner, a stipulation entered into by and between counsel, and statements of counsel.

From the transcript of the tax commissioner, it appears that on or about May 27, 1957, inquiry was made of the tax commissioner by a representative of the appellant as to the reason for the delay in making the refunds here under consideration and was advised that according to the records of said tax commissioner no such claims had ever been filed. Whereupon, appellant, on or about June 19, 1957, almost 2 years after the refunds had been made to the consumers on returned merchandise, filed duplicate claims for refund of the sales tax refunds which had been previously made.

According to the stipulation filed herein, the request for refunds, as identified therein, were deposited in the United States mail on the dates set opposite the individual claims:

| Board Number | Date Deposited in Mail |
|---|---|
| 35167-A | July 27, 1955 |
| 35167-B | July 27, 1955 |
| 35167-C | July 27, 1955 |
| 35167-D | January 27, 1956 |

35167-E             ·          January 27, 1956
35167-F                        January 27, 1956
35167-G                   January 27, 1956

Although the stipulation provides that the claims were deposited in the United States mail within the time prescribed by §5739.09 R. C., apparently there is no record of their having been received by the tax commissioner until the duplicates were filed on or about June 19, 1957. However, since the uncontroverted evidence, as presented in the stipulation, indicates that the claims were deposited in the mail on the date specified, this Board must conclude that there was at least constructive delivery to the tax commissioner and that, therefore, the claims were timely filed. See **State, ex rel. Sherrick v. Peck, 158 Oh St 122, 48 O. O. 60.**

It is, therefore, the order of this board that the order of the tax commissioner denying the application for refund of sales tax on jurisdictional grounds be, and the same hereby is, reversed and this cause is hereby remanded to such tax commissioner for processing of the claims for refund.